**CHRIS McCONNELL**
**KIRSTEN MADSEN**
Legal Counsel
Commissioner of Securities & Insurance,
Office of the Montana State Auditor
840 Helena Avenue
Helena, MT 59601
Phone: (406) 444-2040
Fax: (406) 444-3497
Email: Christopher.Mcconnell@mt.gov
Kirsten.Madsen@mt.gov
**E-service: CSI.LegalService@mt.gov**

*Counsel for Commissioner of Securities & Insurance,*
*Office of the Montana State Auditor*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| CHRISTOPHER TRAVIS, individually and derivatively on behalf of MILK RIVER HUNTING PRESERVE, LLC, a dissolved Montana limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN KEVIN MOORE, KIRK ALLEN SCOGGINS, STEVEN SHRADER and DEBRA SHRADER d/b/a DAYTRONICS, DAYTRONICS, LLC, an Idaho limited liability company, MICHAEL WELCOME, THE COMMISSIONER OF SECURITIES AND INSURANCE, OFFICE OF THE MONTANA STATE AUDITOR, the UNITED STATES DEPARTMENT OF JUSTICE, JOHN DOES I-X, and all other unknown heirs or any unknown devisees of any deceased person, or any other | Case No. CV-22-74-GF-BMM-JTJ<br><br>**CSI'S ANSWER AND CROSS-CLAIM** |

person, unknown, who claim or may claim any right, title, estate, or interest therein or lien or encumbrance thereon adverse to Plaintiff's ownership or any cloud upon Plaintiff's title thereto, whether such claim or possible claim be present or contingent,

Defendants.

THE COMMISSIONER OF SECURITIES AND INSURANCE, OFFICE OF THE MONTANA STATE AUDITOR,

Cross-claimant,

vs.

JOHN KEVIN MOORE,

Cross-claim Defendant.

Defendant and Cross-claimant, Commissioner of Securities and Insurance, Office of the Montana State Auditor ("CSI"), provides the following answer and cross-claim to Plaintiff's Verified Complaint ("Complaint").

## ANSWER

CSI answers the specific allegations of Plaintiff's Complaint as follows:

### Parties[1]

1. Admit.

[1] For ease of reference, this Answer maintains the headings used by Plaintiff's *Complaint*. To the extent such headings contain any factual allegation, Defendant denies the same.

2. Admit in part and deny in part. CSI admits that Milk River Hunting Preserve, LLC was a domestic limited liability company and was administratively dissolved on December 1, 2011. CSI is without sufficient information to form a belief as to the truth of the remaining allegations, and, therefore, CSI denies the remainder of this allegation.

3. Admit in part and deny in part. CSI admits that Defendant John Kevin Moore ("Moore") is currently serving his federal criminal sentence in federal custody. Defendant Moore is now residing at the RRM in Seattle, Washington. *See* Inmate Locator, www.bop.gov/inmateloc (accessed September 7, 2022). Prior to his incarceration, Defendant Moore was a resident of Flathead County, Montana.

4. CSI is without sufficient information to form a belief as to the truth of the allegation that Defendant Kirk Allen Scoggins ("Scoggins") is a resident of Flathead County, Montana, and, therefore, CSI denies the same.

5. CSI is without sufficient information to form a belief as to the truth of the allegation that Defendants Steven Shrader and Debra Shrader are residents of Ada County, Idaho, and, therefore, CSI denies the same.

6. CSI is without sufficient information to form a belief as to the truth of the allegation, and, therefore, CSI denies the same.

7. CSI is without sufficient information to form a belief as to the truth of the allegation that Defendant Michael Welcome is a resident of California, and, therefore, CSI denies the same.

8. Admit.

9. Admit.

10. CSI is without sufficient information to form a belief as to the truth of the allegation, and, therefore, CSI denies the same.

11. CSI is without sufficient information to form a belief as to the truth of the allegation, and, therefore, CSI denies the same.

## Subject Property

12. Admit.

## Jurisdiction and Venue

13. This allegation asserts jurisdiction of this matter in the Montana Seventeenth Judicial District Court, Valley County. This allegation is no longer applicable, as this case has been removed to federal court. To the extent that a response is required, CSI does not contest the federal court's jurisdiction.

14. This allegation asserts venue of this matter in Valley County, Montana. This allegation is no longer applicable, as this case has been removed to federal court. To the extent that a response is required, CSI does not contest the federal court's venue.

## Factual Allegations

15. CSI is without sufficient information to form a belief as to the truth of the allegation, and, therefore, CSI denies the same.

16. CSI is without sufficient information to form a belief as to the truth of the allegation, and, therefore, CSI denies the same.

17. Admit in part and deny in part. CSI admits that on October 8, 2003, Plaintiff Travis and Defendants Moore and Scoggins filed Articles of Organization of Milk River Hunting Preserve, LLC with the Montana Secretary of State. CSI is without sufficient information to form a belief as to remainder of the allegation, and, therefore, CSI denies the remainder of this allegation.

18. CSI is without sufficient information to form a belief as to the truth of the allegation, and, therefore, CSI denies the same.

19. CSI is without sufficient information to form a belief as to the truth of the allegation, and, therefore, CSI denies the same.

20. CSI is without sufficient information to form a belief as to the truth of the allegation, and, therefore, CSI denies the same.

21. CSI is without sufficient information to form a belief as to the truth of the allegation, and, therefore, CSI denies the same.

22. CSI is without sufficient information to form a belief as to the truth of the allegation, and, therefore, CSI denies the same.

23. CSI is without sufficient information to form a belief as to the truth of the allegation, and, therefore, CSI denies the same.

24. CSI is without sufficient information to form a belief as to the truth of the allegation, and, therefore, CSI denies the same.

25. Admit.

26. CSI is without sufficient information to form a belief as to the truth of the allegation, and, therefore, CSI denies the same.

27. Admit.

28. Admit.

29. Admit.

30. CSI is without sufficient information to form a belief as to the truth of the allegation, and, therefore, CSI denies the same.

31. CSI is without sufficient information to form a belief as to the truth of the allegation, and, therefore, CSI denies the same.

32. CSI is without sufficient information to form a belief as to the truth of the allegation, and, therefore, CSI denies the same.

33. CSI is without sufficient information to form a belief as to the truth of the allegation, and, therefore, CSI denies the same.

34. Admit in part. CSI affirmatively asserts that on August 3, 2018, a federal jury convicted Defendant John Kevin Moore of eleven counts of wire

fraud, nine counts of money laundering, and one count of false statement to a federal agent in *U.S. v. John Kevin Moore*, CR-17-42-GF-BMM (D. Mont.). The jury also found that $1,926,725.00 in money or property was subject to forfeiture to the United States government because of the Defendant's criminal conduct. The federal court ordered said forfeiture. The federal court also ordered Defendant Moore to pay $2,222,817.00 in restitution to 22 victims. CSI additionally asserts that Defendant Moore pled guilty to felon in possession of a firearm in *U.S. v. John Kevin Moore*, CR-18-57-GF-BMM. The federal court sentenced Defendant Moore to 24 months in prison concurrent with the sentence in CR-17-42-GF-BMM. Pursuant to an Amended Judgment in CR-17-42-GF-BMM, the federal court imposed a concurrent 98-month sentence to the firearm's sentence. On August 25, 2022, the federal court reduced Defendant Moore's sentence to 92 months. To the extent that Plaintiff's factual allegations are contrary to the above, CSI denies the same.

35. CSI is without sufficient information to form a belief as to the truth of the allegation, and, therefore, CSI denies the same.

36. CSI is without sufficient information to form a belief as to the truth of the allegation, and, therefore, CSI denies the same.

37. CSI is without sufficient information to form a belief as to the truth of the allegation, and, therefore, CSI denies the same.

**Count I – Declaratory Judgment (LLC Ownership Interest)**

38. CSI hereby incorporates its answers contained in Paragraph Nos. 1 through 37 above as if fully set forth herein.

39. This paragraph appears to set forth a legal argument to which no response is required; to the extent any factual allegations may be set forth therein, CSI denies the same.

40. This paragraph appears to set forth a legal argument to which no response is required; to the extent any factual allegations may be set forth therein, CSI denies the same.

41. CSI is without sufficient information to form a belief as to the truth of the allegation, and, therefore, CSI denies the same.

42. CSI is without sufficient information to form a belief as to the truth of the allegation, and, therefore, CSI denies the same.

43. CSI is without sufficient information to form a belief as to the truth of the allegation, and, therefore, CSI denies the same. However, with regard to the allegation of a "valid and enforceable restraining order[,]" CSI affirmatively asserts that it obtained a restraining order against John Kevin Moore, Glacier Gala, Haystack Landmark Enterprises LLC, USA Fightwear LLC, and Big Sky Minerals Resources LLC on or about September 20, 2016, from the Montana Eleventh Judicial District Court, Flathead County, in *Matthew Rosendale v. John Kevin*

*Moore, et al*, DV-16-794D, which restraining order was in effect from September 20, 2016, to October 16, 2018.

44. This paragraph appears to state a request for relief, which CSI submits should be granted.

45. This paragraph appears to state a request for relief, which CSI submits should be granted, subject to a distribution of any potential proceeds which the court determines to be Defendant Moore's share in the Subject Property to Defendant Moore's victims, his restitution obligations, and reimbursement of the Lynne Egan Memorial[2] Securities Restitution Assistance Fund ("Fund"). *See infra* ¶ 61.

**Count II – (Winding Up of LLC and Approval of Sale)**

46. CSI hereby incorporates its answers contained in Paragraph Nos. 1 through 45 above as if fully set forth herein.

47. Admit in part and deny in part. CSI admits that Milk River Hunting Preserve LLC was administratively dissolved on December 1, 2011. The remaining allegations in the paragraph appear to set forth a legal argument to which no response is required; to the extent any factual allegations may be set forth

---

[2] Governor Greg Gianforte, Proclamation (Aug. 15, 2022) (https://csimt.gov/news/governor-gianforte-issues-proclamation-honoring-lynne-egan/). Mont. Code Ann. § 30-10-1001, et. seq.

therein, CSI is without sufficient information to form a belief as to the truth of the allegations, and, therefore, CSI denies the same.

48. This paragraph appears to set forth a legal argument to which no response is required; to the extent any factual allegations may be set forth therein, CSI denies the same.

49. This paragraph appears to set forth a legal argument to which no response is required; to the extent any factual allegations may be set forth therein, CSI denies the same.

50. CSI is without sufficient information to form a belief as to the truth of the allegation, and, therefore, CSI denies the same.

51. This paragraph appears to state a request for relief, which CSI submits should be granted, subject to a distribution of any potential proceeds which the court determines to be Defendant Moore's share in the Subject Property to Defendant Moore's victims, his restitution obligations, and reimbursement of the Fund.

**Count III – Reimbursement for Payment of Company Liabilities**

52. CSI hereby incorporates its answers contained in Paragraph Nos. 1 through 51 above as if fully set forth herein.

53. CSI is without sufficient information to form a belief as to the truth of the allegation, and, therefore, CSI denies the same.

54. This paragraph appears to set forth a legal argument to which no response is required; to the extent any factual allegations may be set forth therein, CSI denies the same.

55. This paragraph appears to set forth a legal argument to which no response is required; to the extent any factual allegations may be set forth therein, CSI is without sufficient information to form a belief as to the truth of the allegation, and, therefore, CSI denies the same.

56. This paragraph appears to set forth a legal argument to which no response is required; to the extent any factual allegations may be set forth therein, CSI is without sufficient information to form a belief as to the truth of the allegation, and, therefore, CSI denies the same.

57. This paragraph appears to set forth a legal argument to which no response is required; to the extent any factual allegations may be set forth therein, CSI is without sufficient information to form a belief as to the truth of the allegation, and, therefore, CSI denies the same.

58. This paragraph appears to state a request for relief, which CSI submits should be granted, subject to subject to a distribution of any potential proceeds which the court determines to be Defendant Moore’s share in the Subject Property to Defendant Moore’s victims, his restitution obligations, and reimbursement to the Fund.

## Count IV – Distribution of Proceeds

59. CSI hereby incorporates its answers contained in Paragraph Nos. 1 through 58 above as if fully set forth herein.

60. This paragraph appears to set forth a legal argument to which no response is required; to the extent any factual allegations may be set forth therein, CSI denies the same.

61. Admit in part. CSI affirmatively asserts that the United States District Court, in *U.S. v. John Kevin Moore*, CR-17-42-GF-BMM (D. Mont.), ordered Defendant Moore to pay restitution in the amount of $2,222,817.00 as part of a Judgment, filed on or about Feb. 1, 2019, and an Amended Judgment, filed Dec. 17, 2020. The Judgment and Amended Judgment list 22 victims entitled to the $2,222,817.00 restitution award. In response to the restitution award and requests by Defendant Moore's victims, CSI paid at least $77,514.50 to nine of the 22 victims from the Fund. The purpose of the Fund is to provide assistance to victims who were awarded restitution in a legal action initiated by CSI and who have not received the full amount of restitution from their perpetrator. *See* Mont. Code Ann. § 30-10-1002. *See also* Admin. R. Mont. 6.10.701. On or about September 20, 2016, CSI initiated an action against Defendant Moore in Montana state district court. CSI obtained a restraining order for the protection of any of money, assets, and property interests Defendant's Moore possessed or controlled

using investor funds. *See supra* ¶ 43. The restraining order remained in effect through Defendant Moore's federal court convictions, which convictions involve "the very same scheme at issue" in the Montana state district court matter. The Montana state district court lifted the restraining order, "to facilitate the federal court's ability to marshal assets" and "take possession of the assets covered by the Restraining Order." The Montana state district court ordered "all assets covered therein shall be turned over to the United States Attorney, Financial Litigation Unit. This Order strictly prohibits the disposal of any covered assets except as directed by the United States Attorney's Office." *Rosendale*, Order to Release Assets (Oct. 16, 2018). Should Defendant Moore receive any portion of the proceeds from the future sale of the Subject Property, CSI asserts a claim for reimbursement from Defendant Moore's proceeds to replenish the Fund after the victims receive any outstanding amounts of restitution owed to them, as more fully asserted in the cross-claim against Defendant Moore below. To the extent that Plaintiff's factual allegations are contrary to the above, CSI denies the same.

62. This paragraph appears to set forth a legal argument to which no response is required; to the extent any factual allegations may be set forth therein, CSI denies the same.

63. This paragraph appears to state a request for relief, which CSI submits should be granted.

64. This paragraph appears to state a request for relief, which CSI submits should be granted, subject to subject to a distribution of any potential proceeds which the court determines to be Defendant Moore's share in the Subject Property to Defendant Moore's victims, his restitution obligations, and reimbursement to the Fund.

**Count V – Quiet Title**

65. CSI hereby incorporates its answers contained in Paragraph Nos. 1 through 64 above as if fully set forth herein.

66. This paragraph appears to set forth a legal argument to which no response is required; to the extent any factual allegations may be set forth therein, CSI denies the same.

67. This paragraph appears to set forth a legal argument to which no response is required; to the extent any factual allegations may be set forth therein, CSI is without sufficient information to form a belief as to the truth of the allegation, and, therefore, CSI denies the same.

68. This paragraph appears to set forth a legal argument to which no response is required; to the extent any factual allegations may be set forth therein, CSI denies the same.

69. CSI is without sufficient information to form a belief as to the truth of the allegation, and, therefore, CSI denies the same.

70. This paragraph appears to set forth a legal argument to which no response is required; to the extent any factual allegations may be set forth therein, CSI is without sufficient information to form a belief as to the truth of the allegation, and, therefore, CSI denies the same.

71. CSI is without sufficient information to form a belief as to the truth of the allegation, and, therefore, CSI denies the same.

72. This paragraph appears to set forth a legal argument to which no response is required; to the extent any factual allegations may be set forth therein, CSI is without sufficient information to form a belief as to the truth of the allegation, and, therefore, CSI denies the same.

73. This paragraph appears to set forth a legal argument to which no response is required; to the extent any factual allegations may be set forth therein, CSI is without sufficient information to form a belief as to the truth of the allegation, and, therefore, CSI denies the same.

## General Denial

CSI denies each and every allegation of Plaintiff's Complaint except as expressly admitted above.

## Additional Defenses

1. Plaintiff fails to state a claim for which relief may be granted against CSI.

2. Plaintiff is not entitled to costs or attorney's fees against CSI.

3. If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided the compensation, in this case CSI, and that all restitution of victims required be paid to the victims before any restitution is paid to such a provider of compensation. 18 U.S.C. § 3664(j)(1).

4. Principles of equity entitle CSI to a share of any proceeds allocated to Defendant Moore to reimburse the Fund, if and after Defendant Moore's victims are made whole.

5. The defense of unclean hands prohibits Defendant Moore from gaining proceeds from the future sale of the Subject Property, prior to Defendant Moore's victims and the Fund being made whole.

6. The principle of unjust enrichment prohibits Defendant Moore from gaining proceeds from the future sale of the Subject Property prior to prior to victims being made whole and the Fund being reimbursed for its restitution payments.

7. The judicial maxim of "own wrong" prohibits Defendant Moore from taking advantage of his own wrong and gaining any proceeds derived from the future sale of the Subject Property prior to victims being made whole and the Fund being reimbursed for its restitution payments. Mont. Code Ann. § 1-3-208.

8. CSI reserves the right to amend this Answer to allege new and additional defenses as they might arise or become known through discovery or further investigation.

## **CROSS-CLAIM AGAINST DEFENDANT JOHN KEVIN MOORE**

COMES NOW, Defendant and Cross-claimant Commissioner of Securities and Insurance, Office of the Montana State Auditor ("CSI"), and hereby alleges and avers against Defendant John Kevin Moore the following:

### **Parties**

1. Defendant and Cross-claimant CSI is a department within the executive branch of state government, established pursuant to Mont. Code Ann. § 2-15-601 and Mont. Const. Art. VI, § 1. CSI is under the control and supervision of the State Auditor, who is a duly elected state official and the Commissioner of Securities and Insurance. Mont. Code Ann. §§ 2-15-601, 30-10-107, and 33-1-301.

2. Defendant John Kevin Moore is currently serving his federal criminal sentence in federal custody. Defendant Moore is now residing at the RRM in Seattle, Washington. *See* Inmate Locator, www.bop.gov/inmateloc (accessed September 7, 2022). Prior to his incarceration, Defendant Moore was a resident of Flathead County, Montana.

////

## Subject Property

3. CSI hereby incorporates the allegations contained in Paragraphs Nos. 12 of its Answer above and No. 12 of the Complaint as if fully set forth herein.

## Jurisdiction

4. CSI hereby incorporates the allegations contained in Paragraphs Nos. 13 - 14 of its Answer above and Nos. 13 - 14 of the Complaint as if fully set forth herein.

## Factual Allegations

5. CSI is a criminal justice agency. Mont. Code Ann. §§ 33-10-304(5) and 44-5-103.

6. CSI has the duty and ability to enforce the Securities Act of Montana ("Securities Act"). Mont. Code Ann. § 30-10-101 et seq. One of the policies of the Securities Act is to protect investors. Mont. Code Ann. § 30-10-102(1).

7. CSI has a securities restitution assistance fund ("Fund"). Mont. Code Ann. § 30-10-1001 et seq. *See also supra* Answer, ¶ 45 and fn. 2.

8. The purpose of the Fund is to provide assistance to victims who were awarded restitution in a legal action initiated by CSI and who have not received the full amount of restitution from their perpetrator. Mont. Code Ann. § 30-10-1002; Admin. R. Mont. 6.10.701.

9. On or about September 20, 2016, CSI initiated an action against Defendant Moore in Montana state district court in the Montana Eleventh Judicial District Court, Flathead County, *Matthew Rosendale v. John Kevin Moore, et al*, DV-16-794D.

10. CSI obtained a restraining order for the protection of any money, assets, and property interests Defendant's Moore possessed or controlled using investor funds.

11. On or about June 8, 2017, the U.S. government indicted Defendant Moore for crimes involving use of investor funds in *U.S. v. John Kevin Moore*, CR-17-42-GF-BMM (D. Mont.). On July 12, 2018, the U.S. government obtained a superseding indictment alleging eleven counts of wire fraud, nine counts of money laundering, and one count of false statement to a federal agent.

12. On August 3, 2018, a federal jury convicted Defendant Moore of all counts of the superseding indictment. The jury also found that $1,926,725.00 in money or property was subject to forfeiture to the U.S. government because of the Defendant's criminal conduct. The federal court ordered said forfeiture.

13. The federal court also ordered Defendant Moore to pay $2,222,817.00 in restitution to 22 victims.

14. The restitution award became part of the Judgment, filed on or about Feb. 1, 2019, and the Amended Judgment, filed Dec. 17, 2020.

15. The restraining order obtained by CSI remained in effect through Defendant Moore's federal court convictions, which convictions involve "the very same scheme at issue" in the Montana state district court matter. *Rosendale*, Order to Release Assets (Oct. 16, 2018).

16. The Montana state district court lifted the restraining order, "to facilitate the federal court's ability to marshal assets" and "take possession of the assets covered by the Restraining Order." The Montana state district court ordered "all assets covered therein shall be turned over to the United States Attorney, Financial Litigation Unit. This Order strictly prohibits the disposal of any covered assets except as directed by the United States Attorney's Office." *Rosendale*, Order to Release Assets (Oct. 16, 2018). Said assets were turned over to the United States Attorney.

17. Several victims of Defendant Moore's crimes requested payment assistance from the Fund.

18. In response to the restitution award and requests by Defendant Moore's victims, CSI paid at least $77,514.50 to nine of the 22 victims from the Fund between approximately March 2019 and December 2019.

**Count I – Unjust Enrichment**

19. CSI hereby incorporates the allegations contained in Paragraphs Nos. 1 - 18 of its cross-claim as if fully set forth herein.

20. Defendant Moore was convicted of using victim investors' monies for illegal purposes.

21. Based on information and belief, Defendant used a portion of victim investors' monies to pay the mortgage and/or property tax on the Subject Property.

22. CSI paid at least $77,514.50 in restitution to victims of Defendant Moore's criminal activity from its Fund.

23. No contact exists between CSI and Defendant Moore governing the issue of restitution payments to Defendant Moore's victims.

24. Plaintiff requests the court to declare the ownership interests of various parties in an LLC, including Defendant Moore's interest, wind up said LLC, quiet title to the Subject Property owned by the LLC, reimburse Plaintiff for payments Plaintiff made on behalf of the LLC, approve the sale of the Subject Property, and distribute assets from the sale of the Subject Property to the membership of the LLC, which would include some form of monetary distribution to Defendant Moore.

25. Defendant Moore would be enriched by the sale of the Subject Property if the Court grants Plaintiff the relief requested.

26. Defendant Moore would be unjustly enriched if he is able to retain the proceeds of his proportional share of the sale of the Subject Property instead of paying his restitution obligation and reimbursing the Fund because he would

receive a benefit from his wrongful acts and criminal misconduct to the detriment of another.

27. Based on information and belief, Defendant still owes restitution to his victims.

28. Should the future sale of the Subject Property occur as requested by Plaintiff, the proceeds of the sale, which the court determines as Defendant's Moore share, should first go to pay any remaining restitution owed to Defendant Moore's victims.

29. Should any of the proceeds of Defendant Moore's share remain after paying the outstanding amount of restitution owed to the victims, CSI should receive up to $77,514.50 from Defendant Moore as reimbursement for restitution paid out of the Fund to Defendant Moore's victims.

30. If not for the Fund's restitution payments to Defendant Moore's victims, Defendant Moore would owe more money in restitution than he currently owes.

31. Justice would not be served if Defendant Moore receives and retains money which in equity would belong to another: in this case, Defendant Moore's victims and/or the Fund.

32. The Court should not permit Defendant Moore to unjustly enrich himself at the expense of another.

33. The Court should not permit Defendant Moore to gain money from the future sale of the Subject Property and retain that money for himself through his delay in paying restitution to his victims.

## PRAYER FOR RELIEF

WHEREFORE, CSI prays for an Order,

1. Denying any and all relief sought by Plaintiff that conflicts with CSI's position in this lawsuit;

2. Entering judgment in favor of CSI on its Cross-claim and against Defendant Moore for reimbursement of up to $77,514.50 to The Lynne Egan Memorial Securities Restitution Assistance Fund;

3. Awarding CSI up to $77,514.50 from any proportional share or proceeds Defendant Moore obtains or is awarded from this lawsuit, after Defendant Moore's victims receive any outstanding amounts of restitution owed to them by Defendant Moore;

4. Awarding costs and attorney fees to CSI to the extent allowed by law and principles of equity; and

5. Granting such other relief as the Court deems just and proper.

DATED this 12th day of September, 2022.

Commissioner of Securities & Insurance,
Office of the Montana State Auditor
840 Helena Avenue
Helena, MT 59601

*Counsel for CSI*

By: /s/ Chris McConnell
CHRIS McCONNELL
KIRSTEN MADSEN

## CERTIFICATE OF SERVICE

I hereby certify that on this date I electronically filed the foregoing document with the clerk of the court for the United States District Court for the District of Montana, using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

I hereby certify that on September 12, 2022, I caused a copy of the foregoing *CSI's Answer and Cross-Claim* to be served on the following persons by the following means:

1,2,4 CM/ECF
______ Hand Delivery
3,5-8 Mail
______ Overnight Delivery Service
______ Fax
______ E-Mail

1. Clerk, U.S. District Court

2. Joseph L. Breitenbach
CHRISTENSEN FULTON & FILZ, PLLC
19 36th Street W, Suite 3
Billings, MT 59102-4303
Phone: (406) 248-3100
Email: jlb@cfflawfirm.net
*Attorney for Plaintiff*

3. Benjamin O. Rechtfertig
HEDGER FRIEND, PLLC
2800 Central Ave, Suite C
Billings, MT 59102
Phone: (406) 896-4100
Email: brechtfertig@hedgerlaw.com
*Attorney for Plaintiff*

4. Lynsey Ross
Mark Steger Smith
UNITED STATES ATTORNEY'S OFFICE
2601 2nd Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 247-4632 – Lynsey
Phone: (406) 247-4667 – Mark
Email: lynsey.ross@usdoj.gov
Email: mark.smith3@usdoj.gov
*Attorneys for Defendant United States of America*

5. John Kevin Moore
No. 05550-046
Federal Bureau of Prisons
Residential Reentry Office
2425 South 200 St.
PO Box 13900
Seattle, WA 98198
*Pro Se Defendant & Cross-claim Defendant*

6. Steven and Debra Shrader
d/b/a Daytronics/Daytronics LLC
1535 N. Luge Ave
Eagle, Idaho 83616
*Defendants*

7. Kirk Allen Scoggins
c/o Law Office of Vincent Rieger
33 Village Loop Road
Kalispell, MT 59901
*Defendant*

////

8. Michael Welcome
9 Somerset
Trabuco Canyon, CA 92679
*Defendant*

By: */s/ Tiffany Hoffman*
TIFFANY HOFFMAN
Paralegal
Commissioner of Securities and Insurance
Office of the Montana State Auditor