Joseph L. Breitenbach
CHRISTENSEN FULTON & FILZ, PLLC
19 36th Street W, Suite 3
Billings, MT 59102-4303
(406) 248-3100 telephone
(406) 248-7908 facsimile
jlb@cfflawfirm.net

Benjamin O. Rechtfertig
HEDGER FRIEND, PLLC
2800 Central Avenue, Suite C
Billings, MT 59102
(406) 896-4100 telephone
(406) 896-4199 facsimile
brechtfertig@hedgerlaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| CHRISTOPHER TRAVIS, individually and derivatively on behalf of MILK RIVER HUNTING PRESERVE, LLC, a dissolved Montana limited liability company,<br><br>    Plaintiff,<br>vs.<br><br>JOHN KEVIN MOORE, et al.,<br><br>    Defendants. | Cause No.: CV-22-74-GF-BMM-JTJ<br><br>**BRIEF IN SUPPORT OF PLAINTIFF'S COMBINED MOTION FOR DEFAULT JUDGMENT AND SUMMARY JUDGMENT QUIETING TITLE** |

## INTRODUCTION

Plaintiff brings this motion for default judgment and partial summary judgment on Count V of his Verified Complaint for the purpose of quieting title to certain real property (the "Subject Property") located in Valley County, Montana, in the name of Milk River Hunting Preserve, LLC ("Milk River"). The Subject Property is defined more particularly in Plaintiff's Statement of Undisputed Facts ("SUF"), filed contemporaneously herewith. (SUF ¶ 1.) This action has become necessary because Milk River was administratively dissolved on December 1, 2011, and the affairs of the company must be wound up and all assets owned by the LLC liquidated. (SUF ¶ 11.) Quieting of title to the Subject Property is further necessary to secure the title insurance required to complete a sale/liquidation of the Subject Property. (ECF 1-1, ¶ 69.)

## BACKGROUND

Though the approximately twenty-year history surrounding the operation and status of the ownership of member interests in Milk River Hunting Preserve, LLC, is complicated at best (*see* Statement of Undisputed Facts), the chain of title surrounding ownership of the Subject Property, which is the sole subject of this instant motion, is rather straightforward. On or about October 25, 2001, Plaintiff Christopher Travis ("Travis") and Defendant John Kevin Moore ("Moore"), along with William Mihram, and Otto Kruppa, dba Aspen Group LTD, entered into a

Contract for Deed with James David Girtman and Mildred E. Girtman ("Girtmans") for the purchase of a large portion of the Subject Property. (SUF ¶ 2). In September of 2003, Mihram and Kroupa quitclaimed their interest in the Contract for Deed to Moore. (SUF ¶¶ 3-4.) This left Travis and Moore as the sole owners of all interests conveyed pursuant to the Contract for Deed.

On October 8, 2003, Travis, Moore, and Defendant Kirk Scoggins ("Scoggins") filed Articles of Organization to establish Milk River Hunting Preserve, LLC, as a member managed limited liability company. (SUF ¶ 5.) Shortly thereafter, Travis, Moore and Scoggins assigned any interest they possessed in the Contract for Deed to Milk River. (SUF ¶¶ 6-8.) Milk River satisfied its obligations under the Contract for Deed. Accordingly, a Warranty Deed for the lands subject to the Contract for Deed was recorded on March 18, 2004, as Document No. 124634 in the office of the Clerk and Recorder of Valley County, wherein the Girtmans, as Grantors, conveyed their interest in that certain portion of the Subject Property to Travis, Moore, Mihram and Kroupa, as Grantees. (SUF ¶ 9). As a result of the previously recorded Assignments, title to the property vested in Milk River upon the recording of the Warranty Deed. *Id.*

On or about December 5, 2006, Milk River acquired an additional 200 acres of land by way of a Warranty Deed from Grantor Russell Gilbertson. (SUF ¶ 10.) This parcel, combined with the lands previously conveyed by Girtman pursuant to

the Contract for Deed, comprises the entirety of the Subject Property. Milk River was administratively dissolved by the Montana Secretary of State on December 1, 2011, for its failure to file annual reports. (SUF ¶ 11.)

In summary, Milk River obtained fee simple title to the Subject Property pursuant to the Warranty Deeds executed by Girtmans and Gilbertson. At no point has Milk River conveyed its ownership interest in the Subject Property to any other individual or entity, and no individual or entity has appeared in this case and asserted an ownership interest in the Subject Property by way of conveyance, operation of law, or otherwise.

## **ARGUMENT**

Quiet title actions are authorized under Montana law pursuant to Mont. Code Ann. § 70-28-101 for the purpose of determining a person's rights in claiming title to real property as against others' claims to that property. *Myers v. BAC Home Loans Servicing, LP*, 2013 U.S. Dist. LEXIS 170533, at *17 (D. Mont. Oct. 23, 2013). Specifically, an action may be brought under Montana law "and prosecuted to final decree, judgment, or order by any person or persons, whether in actual possession or not, claiming title to real estate against any person or persons, both known and unknown, who claim or may claim any right, title, estate, or interest therein or lien or encumbrance thereon adverse to plaintiff's ownership or any cloud upon plaintiff's title thereto … and quieting the title to said real estate." If a

plaintiff desires to obtain a complete adjudication of title to the real estate, it may, as Plaintiff has done in this case, name as defendants all known and unknown persons who may assert a claim to title to the property. Mont. Code Ann. § 70-28-104.

This quiet title action is unique in that the United States Department of Justice, and thus the United States government, has asserted a lien against all property owned by Defendant Kevin Moore in Valley County, Montana, which includes his membership interest in Milk River. (SUF ¶ 13.) For this reason, Plaintiff was required by the title insurer to name the United States in this action. (SUF ¶ 24.) As a result, this Court possesses jurisdiction over this matter. 28 U.S.C. § 2410(a)(1) provides that the United States may be named a party in a civil action or suit in any district court, or in any State court having jurisdiction of the subject matter … to quiet title to … real or personal property in which the United States has or claims a mortgage or other lien.

The Quiet Title Act, 28 U.S.C. § 2409a, is the exclusive means by which claimants may challenge the United States' title to real property. *Kootenai Canyon Ranch, Inc. v. United States Forest Serv.*, 338 F. Supp. 2d 1129, 1132 (D. Mont. 2004), citing *Block v. North Dakota*, 461 U.S. 273, 286 (1983). Prior to 1972, real property disputes could not be litigated against the United States unless the government initiated the suit. Congress waived sovereign immunity in the Quiet

Title Act, allowing plaintiffs to bring suit against the government. *Kootenai Canyon Ranch,* 338 F. Supp. 2d at 1133. Any quiet title action involving the United States shall be tried by the Court without a jury. 28 U.S.C. § 2409a(f).

## I.  DEFAULT JUDGMENT (Non-Appearing Parties)

Defendants Kirk Allen Scoggins, Debra Shrader d/b/a Daytronics, Steven Shrader d/b/a Daytronics, Daytronics, LLC, Michael Welcome, and all Unknown Defendants failed to appear and are in default of these proceedings. (SUF ¶¶ 16-21.) The Clerk of Court issued an Entry of Default for each of these Defendants pursuant to Rule 55(a), Fed. R. Civ. P. *Id.*

Pursuant to Rule 55(b)(2), Fed. R. Civ. P., in all cases other than where a plaintiff has made a claim for a sum certain, a party must apply to the District Court for default judgment. Whether to enter default judgment is a decision entrusted to the discretion of the district court. *PacificSource Health Plans v. Atl. Specialty Ins. Co.*, 2022 U.S. Dist. LEXIS 87749, at *2 (D. Mont. May 16, 2022). A district court considering whether default judgment is appropriate should consider the following factors: 1) the possibility of prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) the possibility of factual disputes; 6) whether default is due to excusable neglect; and 7) the policy favoring decisions on the merits. *Id.* In considering these factors, the Court should accept the factual allegations in the Complaint as true. *Id.*

All of these factors weigh in favor of granting default judgment against the Defendants who failed to appear. The possibility of prejudice to Plaintiff in the absence of the grating of default judgment is apparent, as a failure to grant the requested relief would leave Milk River without a remedy. *Id.* Concerning the second and third factors, Plaintiff's allegations in the Verified Complaint are meritorious and sufficiently plead and comply with Rule 8's pleading standards. *Id.* The fourth element is not relevant to these proceedings, as Plaintiff is not seeking a money judgment in Count V of his Verified Complaint.

Regarding the fifth element, as evidenced by the facts set forth above, there is little to no possibility of a factual dispute regarding ownership of the Subject Property. Concerning the sixth element, no party that has failed to appear has sought to intervene and plead excusable neglect, and there is no such evidence before this Court suggesting the same. Concerning the seventh element, the policy favoring a decision on the merits generally weighs against entering default judgment. *W. Sur. Co. v. Outback Constr., Inc.,* 2023 U.S. Dist. LEXIS 15564, at *5 (D. Mont. Jan. 30, 2023). Yet, this preference is not dispositive. *Id.* Default judgment is appropriate in this matter because the non-appearing Defendants' failure to answer makes any other disposition impractical. *Id.*

Finally, Montana law requires that before title may be quieted in Plaintiff Milk River's name against the Defendants who failed to appear in an action,

Plaintiff must produce evidence sufficient to prima facie entitle it to relief. Mont. Code Ann. § 70-28-108. The chain of title described above and as set forth in Plaintiff's Statement of Undisputed Facts makes clear that Milk River is the sole owner in fee simple of the Subject Property. No other individual or entity possesses any claim of right to the same. Accordingly, Plaintiff is entitled to default judgment against the non-appearing Defendants quieting title of the Subject Property in the name of Milk River Hunting Preserve, LLC.

## II.    SUMMARY JUDGMENT (Appearing Parties)

### a. Legal Standard.

A party is entitled to summary judgment if it can demonstrate that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Summary judgment is warranted where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby,* 477 U.S. 242, 251 (1986). Only disputes over facts that might affect the outcome of the lawsuit will preclude entry of summary judgment; factual disputes that are irrelevant or unnecessary to the outcome are not considered. *Id.* at 248. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial, and summary judgment is appropriate. *Zetwick v. Cnty of Yolo,* 850

F.3d 436, 441 (9th Cir. 2017) (quoting *Ricci v. DeStafano,* 557 U.S. 557, 586 (2009)).

### b. Plaintiff is authorized to bring this quiet title action.

A quiet title action may be brought … by any person or persons, whether in actual possession or not, claiming title to real estate against any person or persons. Mont. Code Ann. § 70-28-101. Plaintiff has brought this action individually and derivatively on behalf of Milk River Hunting Preserve, LLC, the record owner of the Subject Property. Pursuant to Mont. Code Ann. § 35-8-1104, a member of a limited liability company may maintain an action in the right of the company if the members or managers having authority to bring the action have refused to commence the action or an effort to cause those members or managers to commence the action is not likely to succeed. The statute further requires that the member bringing the derivative action must be a member of the LLC when the action is commenced, as well as at the time of the transaction of which the Plaintiff complains. *Id.* Finally, the statute requires that the Verified Complaint must set forth the effort of the plaintiff to secure initiation of the action by a member or manager or the reasons for not making the effort. *Id.*

Plaintiff satisfies all of the criteria to bring a derivative action on behalf of Milk River. Chris Travis was a founding member of Milk River and has continued as a member of the company since October 8, 2003. (SUF ¶ 5.) Defendant Moore,

up until recently, was imprisoned and accordingly could not take any actions on behalf of the LLC, and as made abundantly clear by the default of all other individuals and entities who potentially possess a membership interest in the LLC, no one other than Travis has made any attempt to participate in any act on behalf or for the benefit of the LLC, including the commencement of a quiet title action. (SUF 15.) Travis could not conclusively identify any other current member of the LLC who could consent to or provide the authority to prosecute a quiet tile action.

Additionally, the Operating Agreement of the LLC provides Plaintiff the authority to prosecute this action. Section 3.1 of the Operating Agreement states in pertinent part that "the business and affairs of the Company shall be managed by its Members. Except as otherwise provided in this Agreement or by the non-waivable provision of the Act, each Member shall have full and complete authority, power and discretion to manage and control the business, affairs and property of the Company and to perform any and all other acts or activities customary or incident to the management of the Company's business." (SUF ¶ 25.)

As an alternative basis for authority, persons winding up the business or affairs of a limited liability company may, in the name of and for and on behalf of the limited liability company, "prosecute and defend suits." Mont. Code Ann. § 35-8-903(2)(a). As a result of Milk River's administrative dissolution more than ten years ago, "all the property and assets of a dissolved limited liability company

must be held in trust by the members or managers of the limited liability company and the limited liability company may carry on business only as necessary to wind up and liquidate its business and affairs under 35-8-901." Mont. Code Ann. § 35-8-914(6). Because Milk River has been administratively dissolved and a quiet title action is necessary to wind up the affairs of the company, Plaintiff, as a member of the LLC, is authorized to bring this action.

### c. Plaintiff is entitled to judgment quieting title.

Importantly, no party that has appeared in these proceedings has objected to Plaintiff's request to quiet title to the Subject Property in the name of Milk River. Defendants DOJ and the Montana Commissioner of Securities and Insurance have consented to the filing of this motion. Defendant Moore did not respond to the inquiry, but he affirmatively admits in his Answer to Verified Complaint that the Subject Property is owned in fee simple by Milk River. (SUF ¶ 23.) Accordingly, no issues of material fact exist regarding ownership of the Subject Property.

Moreover, if Moore submits a response to this motion contrary to what he has already admitted in his Answer, summary judgment is still appropriate. As discussed above in connection with Plaintiff's default judgment motion, Plaintiff has provided this Court with prima facie proof by chain of title that Milk River is the sole fee simple owner of the Subject Property. Accordingly, Plaintiff's motion for summary judgment should be granted.

### d. Encumbrances

Plaintiff directs the Court to two encumbrances that it must consider prior to entering judgment in favor of Plaintiff. First, in September or October of 2016, Moore, on behalf of Milk River but without the knowledge or authority of its other members, entered into an agricultural lease with Russ Gilbertson for a term of five years for $25,000, all paid up front. More than five years have elapsed since the entering into of the Lease. (SUF ¶ 14.) Accordingly, though Plaintiff initially requested in its Verified Complaint that that Court recognize the agricultural lease (ECF1-1, pg. 17), the undisputed facts now reflect that the lease has been terminated pursuant to its own terms. This encumbrance should not be recognized.

Second, the Court must consider the lien filed in Valley County by the Department of Justice against Defendant Moore. Because the Subject Property is owned by Milk River and not Defendant Moore in his individual capacity, the Court should find that the lien does not encumber the subject real property. However, the granting of summary judgment on this issue should not preclude the DOJ from asserting its lien against all personal property owned by Moore in Valley County, including but not limited to his membership interest in Milk River, and correspondingly the sale proceeds that may be allocated to Moore upon liquidation of the company's assets. This is an issue that must be resolved between the DOJ and Moore independent of this request for relief.

## CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests Court 1) that the Court grant default judgment in favor of Plaintiff and against all known non-appearing Defendants and Unknown Defendants; 2) that the Court grant partial summary judgment in favor of Plaintiff and against the Defendants who have appeared in this matter; 3) that the Court issue an order quieting title to the Subject Property in the name of Milk River Hunting Preserve, LLC, with no encumbrances; 4) that the Court acknowledge that its order does not affect the DOJ's lien against all real and personal property owned by Moore in Valley County, including his membership interest in Milk River; and 5) that Plaintiff be awarded such other and further relief as the Court may deem just and equitable.

DATED this 8th day of August, 2023.

CHRISTENSEN FULTON & FILZ, PLLC

/s/ Joseph L. Breitenbach
Attorneys for Plaintiff

## CERTIFICATE OF COMPLIANCE

Pursuant to D. Mont. Local Rule 7.1(d)(2)(E), I certify that this brief complies with the word limits set out in that rule. Excluding the caption, certificate of service and compliance, and based on the count provided by counsel's word processing system, this brief contains 2,851 words.

DATE:  August 8, 2023               /s/ Joseph L. Breitenbach

# CERTIFICATE OF SERVICE

I, the undersigned, a representative of the law firm of Christensen, Fulton & Filz, P.L.L.C., hereby certify that I served a true and complete copy of the foregoing **BRIEF IN SUPPORT OF PLAINTIFF'S COMBINED MOTION FOR DEFAULT JUDGMENT AND SUMMARY JUDGMENT QUIETING TITLE** on the following persons by the following means:

| | |
|---|---|
| _1-6_ | CM/ECF |
| _____ | Hand Delivery |
| _____ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1. Clerk, U.S. District Court

2. Benjamin O. Rechtfertig
   Hedger Friend, PLLC
   2800 Central Ave., Suite C
   Billings, MT 59102

3. Lynsey Ross
   Mark Steger Smith
   U.S. Attorney's Office
   2601 2nd Ave. North, Suite 3200
   Billings, MT 59101

4. Chris McConnell
   Kirsten Madsen
   Commissioner of Securities & Insurance
   Office of the Montana State Auditor
   840 Helena Ave.
   Helena, MT 59601

5. Alexander L. Roots
   Planalp & Roots, P.C.
   P.O. Box 1
   Bozeman, MT 59771

6. John Pierce
John Pierce Law
21550 Oxnard Street
3rd Floor PMB #172
Woodland Hills, CA 91367

DATE: August 8, 2023                              /s/ Joseph L. Breitenbach