IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

CHRISTOPHER TRAVIS, individually )
and derivatively on behalf of MILK. )   Cause No. CV-22-74-GF-BMM
RIVER HUNTING PRESERVE, LLC. )
)
)
    Plaintiff           )
)
)   STATUS NOTICE TO COURT OF NON
vs.                  )   REPRESENTATION OF COUNSEL
)
)
)
JOHN KEVIN MOORE, et. al.,  )
_____)

     I, JOHN KEVIN MOORE, as ordered by this court, am writing to notify the court of my legal counsel of record's wish to withdraw his representation of me in this civil matter. He, JOHN PIERCE, agreed to represent and abide by this court's order to personally represent JOHN KEVIN MOORE while being allowed to practice under MONTANA LAW and PLANALP & ROOTS, P.C. as Pro Hac Vice Admission.

     I was first put on notice of no representation after a conference call which I initiated, as I had all other contact, to discuss my case and issues that needed to be addressed for any representation in the matters of Milk River Hunting Preserve LLC. I had only myself and two investigators helping me, and we supplied all relative information regarding my case to John Pierce and his "Team". To date, with all information supplied by me, counsel has only filed an answer to a government motion on my behalf for an extension of time. Not one motion has been developed or filed with this court on my behalf that has been discussed with Root Law or John Pierce after four (4) different conference calls, wherein it was promised to gather the information together and create a drop box where information could be shared and developed into a viable defense, concerning the petition of a "Quiet Title" filed by the plaintiff, and involvement of the State of Montana and U.S. Government through forfeiture claim on real property.

     Also, through these handful of meetings, I did notify John Pierce of my health issues and supplied information to him directly from updates and evaluations to include brain injury therapy and medical help. Counsel was notified that my probation officer followed and confirmed my health issues and hospital stays, to include a med flight for heart a recent attack. I have upcoming medical procedures to deal with, which I have discussed concerning a lack of representation over the last few weeks by John Pierce. At the last conference call John Pierce announced a hearing coming on Oct.10th and he advised that he would be sending a new invoice in order to continue representation. This would be one of only three actual direct communications I have had from Mr. Pierce, as indicated below.

#1 - Information and bank routing for deposit of retainer in Montana.

#2 - An invoice after our last conference call wherein he stated, "it was going to take "GOBBS" of money for him to continue representing me, GOBBS and unless I paid the incoming invoice, he would not be representing me on Oct. 10th"... after just notifying me of an upcoming hearing for a forced sale (Email Date is Aug. 30 2023).

In the invoice, I was billed an additional $13,000.00 dollars more with not one filing in this case on my behalf, to argue Jurisdiction, Plaintiffs standing, U.S. Attorneys conflict of interests as the former Montana attorney in the Auditors office, on record representing Lynn Egan who gave tainted and perjured testimony in the initial BSMR state investigation, all being part of court record.

The fact that the State of Montana had an improper TRO on Milk River Hunting Preserve, LLC while plaintiff was contractually entitled to 1/4 of "profits" generated by the LLC, which was later vacated in 2018. Also, my counsel John Pierce was informed weeks and weeks ago that the plaintiff of record told his realtor that he had been "guaranteed that the real property (Milk River Hunting Preserve, LLC) would be sold by summers end," as evidenced by a sworn affidavit from that realtor. This was a direct conversation with the realtor whom plaintiff allegedly wanted to broker the "guaranteed" sale of Milk River Hunting Preserve, LLC, while plaintiff has no proof of any ownership interest in the LLC, or property at issue.

Further, in this recent teleconference, John Pierce was and has been from the beginning been informed of actions taken on Milk River Property by the plaintiff including the unlawful leasing of land he could not gain title as owner, for state and intra state hunting to local guide services on protected game within the boundaries of Milk River Hunting Preserve. My investigator has offered to give John Pierce and his team the canceled checks that were deposited by the third party, whom the plaintiff solicited to broker the leasing arrangements, and then launder the leasing payments by depositing the funds received through the third parties account, prior to paying plaintiff. Mr. Pierce and his "team" have done nothing to present any of this in my case on my behalf.

John Pierce has been asked on several occasions to capture the state auditors' copies of a FOIA request from January 23, 2022, wherein they were asked to supply the BSMR members list who were allegedly compensated for their involvement in the original federal case against me. These payments according to the state, were allegedly unlawfully made to only certain BSMR members from the Lynn Egan Memorial fund. The state has to date refused to supply the list but told my private investigator that my attorneys could demand it during discovery. At the time It was requested, I was on record as representing myself Pro Se. By denying my request, the State directly denied my rights to due process in defense of this civil case, wherein the State is named as defendant to recover funds unlawfully distributed to these specific BSMR members from the Egan Fund. This effort by the State to conceal such records obstructs justice by denying my right to access this evidence, challenging the legal right of the state to be named in this complaint as a plaintiff, or defendant. Once again, John Pierce, as far as I know, has never even tried to retrieve this information on my behalf.

#3 - The last direct mailing by John Pierce was dated Sept.15th 2023, where he has notified me that it appeared the attorney-client relationship had broken down. Attached is a consent to withdraw document he would like me to sign. If at that point I did not, he would use the local rules to motion the court for his decision to withdraw. I have not responded as there was nothing to respond to. He stated if I did not sign, he would file it with the court. He received my request to return all the documents he never reviewed or acted upon, as each time we talked he had no idea what we discussed and wanted it explained to his "Team" in a venue that left no team to work with.

Since these communications with counsel, Alex Root has had correspondence talking about upcoming court dates and what needs to be done, while in same correspondence notifying me that they won't be representing me. Again, none of this needed a response from me. John Pierce as directed by this court and the order by the

Honorable Judge Morris's attached, such motion to withdraw needed to address the Judge and the court of his decision. Under the same order, I was told I would be held to the same standard once Attorney Pierce was approved to represent me. I have to find new counsel in the state, and nearly everyone in the area seems to have a conflict of interest. Attorney Pierce took every penny I could muster for a retainer, and to date, has done nothing to represent me beyond answering a motion for a time extension, knowing that important court dates were maturing, presenting new billings, while knowing there are no funds, and threatening no representation if I don't pay more.

John Pierce is aware that there are other assets directly associated with any BSMR recovery or forfeiture effort and he was asked by me to present this information to the court via additional motions, which has not happened either. In my bond hearings in my federal case, it was falsely claimed that I had access to almost a million dollars by the FBI agents involved, but that they had no idea where the funds were, so I was a flight risk and therefore, never granted bond.

8 counts of my conviction were based upon exactly where those alleged funds were. They were paid under contract for property to Margo Heftel and her attorney Randy Snyder right here in Montana, and everyone involved in the original prosecution knew it and knows it. Upon my arrest, Heftel and Snyder were allowed to keep those funds for an alleged non-performance, even though there was no way for me to perform while in custody, despite my understanding that Montana Law requires all similar real estate transaction funds above $10,000 to be returned. This is evidenced by the co-mingling of funds from a property renter of Milk River under an agriculture lease, an amount owed in forfeiture to the same person as a direct payment to Randy Snyder, Margo Heftel's attorney of record at the time. There has been no attempt by the US prosecutor or anyone else, to recover any of those funds from either of those people, nor any forfeiture collection effort of payments that had nothing whatsoever to do with BSMR.

In closing, the one answer that Alex Root did file on my behalf is the information on a post-conviction relief filing based upon the court record and judges' opinion in my hearing for sentence reduction. I spoke several times to John Pierce to get this done with again, no forward movement or action. This, on top of the other issues presented here, needs to be addressed by the court prior to any decision or action regarding Milk River Hunting Preserve, LLC and John Pierce was retained for just this purpose. I will attach as exhibits my correspondence as of late with John Pierce and others as they now proclaim attorney client relationship has broken down due to my lack of response. This notice to withdraw as counsel is the first communication with Pierce that was not initiated by me.

I ask that this filing of status on my behalf become part of the case record and I request some time to try to find relief, which has been a problem in Montana, or find counsel who doesn't have a conflict of interest in this state. I also need time for health concerns while I seek new counsel.

_____   Date: Sept 25th '2023
John Kevin Moore