John Kevin Moore
P.O. Box 8821
Kalispell, MT. 9904

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| CHRISTOPHER TRAVIS, individually) and derivatively and behalf of MILK ) RIVER HUNTING PRESERVE, LLC, ) a dissolved Montana limited liability ) company, ) ) Plaintiff, ) | Cause No: CV-22-74-GF-BMM-JTJ |
| ) ) vs. ) ) JOHN KEVIN MOORE, et al., ) ) Defendant. ) | DEFENDANT MOORE RESPONSE TO PLAINTIFFS BRIEF FOR PARTIAL SUMMARY JUDGEMENT ON COUNTS I, III, IV OF PLAINTIFFS VERIFIED COMPLAINT |

In response to Case 4:22-cv-00074-BMM Document 157 Filed 03/26/24

RESPONSE TO PLAINTIFFS Brief

Defendant John Kevin Moore, individually and derivatively as the majority interest partner of the LLC, oppose any Summary judgment in this civil litigation with plaintiff Christopher Travis in counts III and IV of his verified complaint. Defendant Moore does agree that the plaintiff has a 25% or 1/4 interest in the real holdings of Milk River Hunting Preserve, LLC. This defendant is opposed to the plaintiffs demand of count III until all accounting from both remaining interest holders has been complete and arbitrated. Interest payments are not agreed to as for years, the plaintiff took tax deductions on money he now claims he is entitled to include payments on bank note that the majority interest partner made 3/4 of payments on when not all the loan was for Milk River Hunting Preserve LLC and the leasing of hunts on land he had no legal means to allow while laundering the payment to the plaintiff Christopher Travis knowingly through a 3rd party to launder the payments. Canceled check to Plaintiff will be in exhibits with many more exhibits of expenses that this defendant can and will supply the court.

This plaintiff also assumes through counsel that the defendant John Kevin More agrees to a sale of the holdings of the now dissolved LLC. The plaintiff also assumes the court should give him full ownership as he and his counsel state he preserved the asset of the LLC. The Members, in whole, let the LLC Voluntarily dissolve in 2012.The plaintiff had the means and reason to keep the LLC intact or reinstate it, while Mr Moore was incarcerated , but, like his past affiliation with Milk River Hunting Preserve LLC, he could not be bothered.

Under count IV this plaintiff through counsel asks the court to order the conditions of sale which represent him and

the U.S. Attorney and agreements this defendant believes have been made to force a sale where no legal authority exists to force such sale of real holdings of an entity outside the jurisdiction of seizer unless plaintiff is granted full ownership through guaranteed agreements in advance by the US attorney for the state of Montana using the federal court to grant such an award. The U.S. representative who was the lead attorney for the State Auditors Office and CSI of Montana tried the same forced sale in 2017 prior to the trial of the federal case against this defendant. The terms are identical, the only difference at the time is the now plaintiff was looked at as a minority stake holder and had no say in sale. Now as minority stake holder he has been guaranteed compensation. There has been 4 exhibits through accusations in filings by this defendant that have now been proven by plaintiff and his counsel.

1) He has always only been a minority interest holder and never named as an onsite and active of the property , contrary to claims in testimony and motions his attorneys claimed they did not know for sure who owned what.

2) He contacted the same realtor whom supplied a buyer in 2017 and guaranteed he was promised this real property would be sold by grant of quiet title and wanted the realtor to handle the sale, which would be contradictory to testimony given on March 11, 2024 in Great Falls by attorney representing Christopher Travis, as that realtor was getting a commission for sale.

3) That a deal with guarantees has been negotiated by the U.S. Attorney, former chief counsel of the Montana Securities Commission who had tried to do this same thing at the state level and abandoned the effort for lack of standing and all TRO's vacated later on same real property.

4) This defendant has asked the court to have the US attorney supply the court with any negotiations after removing the original filing out of it's original state jurisdiction to Federal Jurisdiction by removal that now the same U.S. Office has admitted the liens on record to remove did not exist and has only an interest if in fact a sale took place and forfeiture would have legal means to capture any income that may occur involving this defendant John Kevin Moore. This can be found and needs to be part of the record from testimony heard March 11th 2024 from Court Transcript Civil Docket No. CV-22-74-GF-BMM 1:40 P.M. to 2:30 p.M. page 33 line 5 through line 9.

Mr. Breitenbach: 'Your Honor, I don't think it's appropriate for me to get into some of the settlement discussions that --"

The Court: " No, I don't want to do that"

Mr. Breitenbach: " I assume you don't want any of that. Okay."

If not the U.S, Attorney, then who would the plaintiff be negotiating settlement talks with ? The plaintiff is petitioning this court for the court to determine he is a 25% interest holder in the real property. Why would someone with a 25% holding have any authority to ask the US government to give them full ownership on a property they could not receive a title for in the county the real property exists.

The government through the US Attorney office in Montana, and Under the supervision of the former chief counsel of the Montana Department of securities, who is now the U.S. Attorney is using the power of that office to work with a minority interest holder of real property held by a Montana LLC that was dissolved by the State. This without being officially dissolved as per the Operating Agreements and now to force liquidation by giving a minority the power through the use of the Federal court hoping to get a favorable decision of Quiet Title to remove legal obstacles that have prevented this action since 2017.

The defendant asks this court to take into consideration that the US Attorney used the fact they were named in a State jurisdictional matter as a Defendant in a Civil litigation as was the State of Montana. The State of Montana claim through cross complaint that they were entitled to compensation due to funds paid out of a State fund that had no reason to compensate anyone of the Federal case and the State has now removed itself from this civil matter. The government removed this Civil matter from the Seventeenth Judicial District Court, Valley County. This was done under 28 U.S.C. 2410(a), and 1444. This was done intentionally to get Federal oversight or in err. The Government even being

named needed to simply remove itself from this State litigation and notify the court that it had standing on any sale that involved a monetary reward to John Kevin Moore due to ordered restitution from U.S. v. Moore.

Under 1444, there was no litigation pending. The State never had the opportunity to decide if this Plaintiff could somehow prove as minority interest holder he would prevail in the filing. This also as it pertains to the fact that even if this plaintiff prevailed under State jurisdiction, nothing would change. The Government would collect any monetary gain that may or may not have gone to John Kevin Moore who is under supervised release. Even under 28 U.S.C. 2410(a) the United States has and has never had a lien against Milk River Hunting Preserve LLC, who as an entity dissolved or not, is the legal domicile holding the real property.

The idea that this Plaintiff, Christopher Travis, could prevail in the Seventeenth District is unlikely as he could not prove proof of ownership in Valley County for a private mortgage from First Interstate Bank . Once again, their is no remedy for this plaintiff on sale of his interest in Milk River that this plaintiff could not achieve on his own in selling his interests. This Plaintiff has been offered to be compensated for his interest in Milk River Hunting Preserve but has refused to move forward while asking this court to grant him Title due to settlement agreements made by someone without the Majority interest holder involved.

Information and allegation made on the record through filings by the US Attorney and Mr. Breitenbach can be looked at as in err or an attempt to manipulate this court for a favorable order where no order in favor is warranted.

Note: This Defendant asked for the audio recording of the March 11th 2024 hearing and the Clerk of Court was surprised there was none. The reason for the request was because before this Defendant hung up the phone he heard Mr. Breitenbach ask to approach the judge and could be heard walking, then asking the Judge something in the context of relief for his Client that the Court had just denied . This defendant believes the call and the request by plaintiff to the realtor asking for representation upon guaranteed sale of real property was pre-negotiated and the reason for removal from original jurisdiction.This is to include the buyer who Mr. Breitebach claims on the record just came around 2 years ago. We will supply exhibits to show it was the realtor who introduced the buyer in 2017 and owned no property in Valley County as Mr. Breitenbach said he did. There is no relief that the Court can give that the plaintiff could not give himself and has refused. As he said he was "guaranteed" he would prevail, and the real property would be sold, and he would get his full compensation.

In line 12 of document 4:22-cv-00074BMM Document 157, the Plaintiff ,through counsel, represents that a Farm lease that was paid to the Managing member was wired directly to his attorney Channing Hartelius. It was and did not stop or integer with any payment schedule of the LLC. For over 20 years, this plaintiff never worried or questioned how anything was paid outside his 25% payment for his interest. If he believed he is short changed we can look at that. His 25% of the 25,000.00 would be 6, 250.00 divided over 5 years which would be 1,250.00. The money that was paid to the Managing member and 3/4 interest holder did not need to be discussed with a 25% interest holder who never was listed as Manager or anything to do with daily operations of the Farm in any way, as he lived in Southern California, 1500 miles away and never spent a single day on the property, except hunting with his Son every year, during the prime of the Season for one week.

This information is not new and the recipient of those funds through an attorney was Randy Snyder, Montana Attorney for Margret Heftel, who the US Government and the State of Montana knew all about and this Defendant has put on the record as having 350,000.00 dollars of uncollected funds for the victims. The U.S. Attorney would have known this as he was at the time Chief Counsel for CSI and the Montana Securities. Prior to this Statement in this document in background, Mr. Breitenbach claimed it went to an attorney for defense purposes for criminal charges.

Throughout Mr. Christopher Travis twenty plus years with Milk River LLC he has made profits beyond his 25% interest and continues to try and profit at the expense of the last remaining Member and Majority interest holder. This Defendant paid ALL . monthly expenses for all the years prior to arrest , which I paid 3/4 of in payments to the Bank, as requested by Plaintiff and the Bank President up until June of 2017. Flood restoration expenses which were to be repaid to me in excess of $100,000, to include dwelling restoration, interior to include furnishings and all exterior

work and restoration came out of this Defendants' pocket while the Plaintiff refused to pay anything to my Atty , Brian Muldoon of Whitefish when asked to pay his share. When the Flood insurance check arrived, it was for 76,000.00 and was deposited directly in the Bank where 25% of that was credited towards the Plaintiffs debt. This is without 3/4 going to the Majority interest holder or any reimbursement for out of pocket expenses for the renovation which was closer to six figures.

This plaintiff also brought into Milk River Hunting Preserve two Doctors who both as interest owners defaulted on any payment for the LLC to the Bank and were paid solely by this Defendant because this Plaintiff refuse to help pay for their portions of payment and only contributed his 25%. All listed people were named as defendants by Plaintiff fully knowing they had been bought out by this Defendant due to lack of performance. The names of the non performing Members were Dr. Mihram, Dr. Michael Welcome, Kirk Scoggins and Otto Kroupa.

When Dr Welcome became a 1/4 interest holder, at that time, every other interest holder received $38,000.00 to include the Plaintiff. When his fellow Doctor defaulted on his share of Bank payments, Mr Moore was the one tasked with having to carry him and Kirk Scoggins both, while also solely having to buy them out or settle their non-performance on his own without any help from Plaintiff. The Plaintiff also enjoyed a healthy profit from Mr Moore's efforts in the sale of a property across the River from subject property that Plaintiff was a partner in.

Once again, this Defendant believes this Honorable Court has been misled and Plaintiff , along with the U.S.Attorney have provided only information that would help put their motions in the best light when in fact have been misrepresented since filed in the Seventeenth District of Montana, Valley County. The Plaintiff and the fact that the U.S. Attorneys Office has been directly involved with a conflict of interest that shadows the attempted forced sale in 2017 by the same person, Jesse Laslovich, when he sat as Chief Counsel for Securities for the State of Montana. All of which were vacated by the State Courts almost (7) years ago as it pertained to the Milk River.

As this court knows, I was Federally indicted in June of 2017. My participation in Milk River and day to day operations of our LLC could not be executed after that event . At this point for the first time in over 20 years of existence, Plaintiff, Christopher Travis had to maintain the LLC. As far as an LLC transfer to a Limited Liability Company named Daytronics, this Defendant knew nothing about it nor have known to ever happened. There was no transfer of holding or filing of a "Quitclaim of Corporate Interest" to anyones knowledge which makes this assertion as effecting Milk River Hunting Preserve moot. If in fact this was the case, I would not be a Defendant today in this Honorable Court, and again this Plaintiffs filing would be in the Seventeenth District. of Montana, Valley County.

Also not true in this statement on the record that I paid sporadic payments in 2016 is misinformation to the Court. The record clearly shows that this defendant was not indicted until June 12th of 2017 and had been making 3/4 of the payments for Plaintiffs loan on top of ALL other expenses on the property. The plaintiff needs, along with other documents provide the lien placed on the deed for his loan at 1st Interstate Bank. Mr Moore has never been compensated for the Plaintiffs share of expenses that were paid solely by myself and thousands of hours of Labor, even after repeated requests from Moore's Counsel, Brian Muldoon of Whitefish, while Mr Moore was the only Managing Member onsite and living part time at the Residence and responsible for the entire upkeep of the property.

Similarly, this Defendant knows there have been other expenses for insurance, water but, some expenses were self created, after Mr Moore's arrest , as no one should have been in the Residence unless it was to simply check on it. If there was a care taker, what they taking of and why? Electric should have not been on as the Minority interest holder would need to contact and or consult the Majority interest holder and Operating Manager of the LLC , in question, that was never done.

## OPPOSITION TO MOTION OF SUMMARY JUDGEMENT

This Defendant opposes Summary Judgement. Defendant Moore opposes on a number of defects in the Plaintiffs filing and standing to do so as a Minority interest holder for over 20 years. The present lawsuit filed in Montana State Court and brought into US Federal Court in Great Falls by the US Attorney and former Chief Attorney of the Montana

Securities division of the State Auditor Office on behalf of this Plaintiff lacked jurisdiction for the removal, and looks to have done so for a favorable judgment to use a Minority owner of a holding of real property to a dissolved LLC that the government through it's own admission and filings has had no legal standing to do. The government looks to have made a deal ( Government, as Jesse Laslovich ) with Plaintiff and through that office has guaranteed that this Court would give a favorable judgement to move forward with Quiet Title and ownership for sale of real property of Milk River hunting Preserve LLC where no legal remedy existed to do so.

This present lawsuit involved real property in Valley County. The property at issue is owned and held by Milk River Hunting Preserve LLC. Milk River for years has had two established members: John Kevin Moore, and Plaintiff Christopher Travis. Moore has been the Majority holder at 3/4 interest and Travis has never been any more than a 1/4 interest holder since his friend , Dr Welcome came in as another 1/4 interest holder, from which Plaintiff profited from. Travis, prior to this suit, has had opportunity to own the majority of the LLC by buying out defaulted individuals whom he brought into the LLC but refused by making John Kevin Moore, through the years, do the buying, while still, until his arrest, paying the majority of the bills on this real property. As far as personal owning, Travis has never owned any real property and gave his interest holding to the LLC through a Quit Claim years ago but enjoyed the use of the property and any earnings from a minor ownership in interest holding. If , in fact, Plaintiff Travis leased or rented land for recreational use or any part of the LLC asset, while this Defendant was held in custody, Travis would have profited 100% for only legally being allowed 25% of any earnings he now claims are owed in full.

Plaintiff Travis brought this suit asserting a number of claims and seeking a variety of relief with and through his Counsel who seems to be well established with this Court. Travis seeks to Quiet Title, further seeks declaratory judgement regarding interest held by Milk River and held by the other Majority Member of the LLC which has been established for years while now asking for a judgement of 25% by this Court. He also seeks to wind up the business of the LLC through a judgement and agreement made with the U.S. Attorney of the State of Montana in this Honorable Federal Court and then obtain approval of the sale of said property held by the LLC with the proceeds disbursed to himself, and the US Government for forfeiture as stated on the record of the transcripts of the March 11th hearing in Great Falls, Federal court.

Travis's lawsuit, and all efforts in forcing a winding up of the LLC with the help of Attorney Laslovich has violated all Operating Agreements that were and are still in place till the disillusionment between to two remaining interest holders within the LLC is resolved. This all falls under State Jurisdiction until if and when a sale is agreed on and or takes place that would create a profit for John Kevin Moore which at that point would be in the legal realm of restitution and demand by the US Attorney. Once again, this action would be under State codes and never were under Federal codes or oversight. Whatever entitlement Travis claims or may have to a proportionate reimbursement of amounts expended on the property owned by Milk River, Travis lacks and has always lacked the authority to force a sale of the property and winding up of the LLC's business. Importantly, having failed to comply with the Operating Agreement in place under Montana codes and law. Travis lacks standing and his representation has entered into an agreement with the US Attorney and former Chief Attorney of the Montana Auditors Office who was directly involved in the same attempt at the Montana State lever prior to my criminal trial with Brett Olin with US Attorney Ryan Weldon and my attorney at the time Patric Flaherty which involved the same buyer, same appraisal and same offer that on the record attorney Breitenbach said was new to the bidding and offer given for sale of Milk River. Now, either Mr. Breitenbach is mistaken, or purposely defrauded the court to try and get any further discussion by this court in his clients favor.

Plaintiff Travis names in his lawsuit, filed originally in Montana's 17th District, The State of Montana and the United States. The United States through the actions of US Attorney Jesse Laslovich claimed liens against John Kevin Moore premised to the convictions obtained against Moore that are all described and have been written about in the pleadings in this matter. Moore is not the owner of the real property at issue in this matter, and the United States has never had a lien against the property at issue and has in fact admitted this on the record after stating this was the reason for removal from the oversight and jurisdiction of the plaintiffs filing in Montana where it would not have prevailed due to lack of standing, non compliance to the Operating Agreement and being a Minority interest holder in Milk River. Especially under the established laws and code of the State of Montana who's oversight and authority allowed the establishment of

the LLC to exist.

In the end, the only claim the United States has on this matter is a conditional claim to proceeds that might theoretically be distributed to Moore if Travis were to prevail in his unauthorized and questionable, at best, attempt to somehow force a sale with the help of the US attorney. Especially, possibly in the process to defraud a real value of the real property in the process that would then defraud the victims and restitution order by this same Honorable court.

The lien claimed by the United States to recover restitution from Moore is also infirm based on the ruling of the 9th Circuit Court of Appeals in Mr. Moores criminal case that the United States and Mr. Breitenbach keep quoting. Mr. Moore believes that the US Attorney seeks relief for the Plaintiff before Mr. Moore can find the funds to hire counsel and petition the 9th Circuit Court Of Appeals for Post Conviction Relief on matters that would directly affect forfeiture orders if Mr. Moore prevailed, which is likely based on the record of the 9th Circuit appeals hearing on his criminal case.

The 9th Circuit stated,

" Moore has fiduciary duties, but as the managing member of the LLC, he owed those duties to Big Sky Resources, The record does not reflect that he owed similar fiduciary duties to the victims in the case - the individual investors. Without a fiduciary-type relationship between Moore and his victims, Moor was not in a qualifying "position of public trust,,, that significantly facilitated the commission or concealment of the offense" 3B.3. The District Court erred in applying the two-level sentencing enhancement to Moore for abuse of trust. "

United States v. Moore, No. 19-30031, 6 (9th Cir. May. 20, 2020).

In addition to negating the sentencing enhancement applied to Moore, the 9th Circuit's ruling, as a factual matter, negates the basis for any restitution to be applied to any purported victims. Until Mr. Moore get's to afford Counsel to revisit the record of the 9th Circuit, as is demanded under criminal prosecution and part of the original orders given from those convictions, the United States lacks standing to move forward to recover possible profits, it holds no legal precedent on and should be removed as a Defendant.

Defendant Moore disputed and has disputed from receiving the original removal notification while still in BOP custody that the United States can properly assert any claims in this matter, and also asserts that Federal jurisdiction and intervention of the part of the US Attorney's Montanas Office is and has been improper on a number of legal issues to include the initial involvement directly due to the conflict of interest which has already been filed.

The United States has no claim of any kind without a favorable ruling on Travis's behalf and is the only reason there has been a calibration between the US Attorneys office and representation of Mr. Travis as the the record shows from the March 11th record and hearing that would not be discussed on the record that day. According to the record of the 9th Circuit of the United States, the record shows the restitution should not have been included in the sentencing against Mr Moore and needs to be re-visited by this Defendant in the 9th Circuit prior to any orders or granting of Quiet Claim.

The court on March 11th 2024 ended up sitting in diversity because the arguments and jurisdictions argued were based on Montana code and LLC laws. If the Plaintiffs attorneys had a Federal argument that had merit, all such arguments would have been based on Federal statutory codes and or constitutional infringements.

## SUMMARY JUDGEMENT STANDARD

Summary Judgement under Fed. R. Civ. P. 56(a) should not be granted as there are many genuine disputes to a majority of material fact that Plaintiff and Counsel have presented. There are disputes on the legality of the Plaintiff Christopher Travis's standing to bring suit into the 17th district of Montana and the removal by the US Attorney into a Federal Court outside his Offices jurisdiction claiming liens the US Attorney knew did not exist on the real property, then later admitted as not having on the record of this Honorable Court. The US Attorney removed hoping for favorable

outcomes outside his office jurisdictions. Subject matter jurisdiction also precludes the intervention as plaintiff has claimed legal status and residency inside the State of Montana where both parties and LLC are domiciled.

CONCLUSION

This Defendant, John Kevin Moore, based on the information presented here and the challenges placed before the Plaintiff and this Court as to the original standing of the Plaintiff or the removal from State jurisdiction, to the record of the 9th Circuit Court of Appeals to not, not only not grant Summary Judgement but, to possibly remove the United States as a Defendant due to lack of standing and mis- representation of facts to this Honorable court.

John Kevin Moore
John Kevin Moore

April 22, 2024
Date