IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

CHRISTOPHER TRAVIS, individually and derivatively on behalf of MILK RIVER HUNTING PRESERVE, LLC, a dissolved Montana limited liability company,

    Plaintiff,

vs.

JOHN KEVIN MOORE, et al.,

    Defendants.

Cause No.: CV-22-74-GF-BMM

**ORDER**

Pending before the Court are the following motions filed by the parties: (1) Joint Motion to Dismiss, (2) Plaintiff's Combined Motion for Default Judgment and Partial Summary Judgment Quieting Title (Doc. 98), (3) Plaintiff's Motion for Order Approving Liquidation of Real Property (Doc. 104), (4) United States' Motion for Summary Judgment (Doc. 129), (5) Plaintiff's Motion to Strike Jury Demand (Doc. 160), and (6) Defendant John Kevin Moore's Motion to Dismiss for Lack of Standing and Federal Rule of Civil Procedure 12(B), (1), (2), (3), (6) (Doc. 176). For good cause appearing, the Court grants the parties motion to dismiss this case with prejudice, in addition to other relief requested by the parties as more thoroughly discussed herein.

## BACKGROUND

On June 13, 2022, Plaintiff Christopher Travis ("Travis"), individually and on behalf of Milk River Hunting Preserve, LLC, filed a Verified Complaint in the Montana Seventeenth Judicial District Court, Valley County, against numerous defendants for the purpose of quieting title to certain real property located in Valley County, Montana in the name of Milk River Hunting Preserve, LLC (Doc 1-1). The defendants named in the Verified Complaint included John Kevin Moore ("Moore"), the United States Department of Justice ("DOJ"), the Commissioner of Securities and Insurance - Office of the Montana State Auditor ("CSI"), and several defendants who failed to appear in these proceedings, namely Kirk Allen Scoggins ("Scoggins"), Steven Shrader, Debra Shrader, Daytronics, LLC, Michael Welcome ("Welcome") and all other persons, unknown, who may claim a right in or encumbrance upon the real property. The property that is the subject of Travis' quiet title action (the "Subject Property") is described as follows:

**Township 28 North, Range 41 East, MPM**

Section 28:   NW¼NW¼
              EXCEPTING THEREFROM the Railroad and Highway Right of Way described as follows:

Beginning at the Northwest Section corner of Section 28; thence S. 0D 09' W. a distance of 330.00 feet along the west section line of said Section 28 to the true point of beginning; thence S. 0D 09' W. continuing along the section line a distance of 344.28 feet; thence S. 71D 44' 58" E. a distance of 1392.74 feet; thence N. 0D 13' 32" E. along the 1/16 section line a distance of 334.88 feet; thence N. 71D

|   |   |
|---|---|
| 1 | 23' 18" W. along the Highway R/W line a distance of 696.00 feet to highway station 503+00; thence N. 18D 36' 42" E. a distance of 20 feet; thence N. 71D 23' 18" W. along the Highway R/W line a distance of 700.11 feet to the point of true beginning. |

ALSO EXCEPTING therefrom all of the lands north of the U.S. Highway No. 2 located in the NW¼NW¼ Section 28, Township 28 North, Range 41 East, MPM. (Deed reference: Book 124 Deeds page 852, Doc. No. 36749)

EXCEPTING therefrom lands conveyed to the State of Montana Highway Commission and more particularly described in book 65 of Deeds on pages 613-614.

Section 28: A strip or piece of land 185 feet wide in the E½NW¼ lying between two lines parallel to and distant respectively, 75 feet and 260 feet southwesterly, measured at right angles, from the center line of the main track of the railway of the Great Northern (now Burlington Northern) Railway Company, as now located and constructed. (Deed reference book 63 MRE pages 27-28).

Section 29: All that part of the right of way of the railway of Great Northern, now Burlington Northern, lying between two lines parallel to and distant, respectively, 75 feet and 260 feet Southwesterly, measured at right angles from the centerline of the railway of the Great Northern Railway (now Burlington Northern) Company, as now located and constructed and extending from the East line of said Section 29 Northwesterly to a line drawn at a right angle to said centerline of railway at a point therein distant Northwesterly 800 feet, measured along said center line, from its intersection with the East line of said Section 29. (Deed reference book 61 MRE pages 323-328)

Section 29: Lots 6, 7, 13, 15, S½NE¼

Section 29: Lots 1, 2, 5, 8, 10, 11, N½NE¼ less railroad and highway right-of-way

Section 30: Lot 23

**Township 28 North, Range 41 East, MPM**

Section 28:  Lots 2, 3, 8, 10, SW¼NW¼, NW¼SW¼
EXCEPTING from Lot 2 a tract of land more particularly described in book 17 of Deeds on pages 42-43, Doc. No. 53396 – to Great Northern Railway Company.

Plaintiff's Complaint also requested judicial assistance with the winding up of the LLC and liquidation of the Subject Property, determining ownership of the LLC, obtaining reimbursement for expenses he had paid over a period of several years to preserve the Subject Property, and thereafter distributing the proceeds of any sale to the members of the LLC as adjudicated by this Court.

The DOJ removed the action to federal court pursuant to a Notice of Removal filed on August 15, 2022 (Doc. 1). The DOJ filed a Crossclaim against Moore seeking to foreclose upon Moore's membership interest in the LLC pursuant to a Judgment Lien filed in Valley County, and a Counterclaim against Travis seeking priority over all claims or interests against Moore's property rights (Doc. 20). CSI also filed a Crossclaim against Moore for reimbursement of restitution it paid to several individuals on Moore's behalf (Doc. 21). Of note, CSI filed a Stipulation and Unopposed Motion to Dismiss its claims against all parties on April 1, 2024. (Doc. 162). The Court granted CSI's motion on that same day and dismissed it from these proceedings with prejudice (Doc. 164).

The parties that appeared in this matter attended a settlement conference with Magistrate Judge John Johnston on May 2, 2024, in Missoula, Montana. A

settlement agreement was reached wherein the parties stipulated that Travis would be appointed to sell the Subject Property owned by Milk River Hunting Preserve, LLC, for $1,225,000.00. The parties agreed as to how the proceeds from the sale thereof would be distributed. Finally, the parties further agreed that they would jointly request an order from this Court entering default judgment against the non-appearing parties and quieting title to the Subject Property in the name of Milk River Hunting Preserve, LLC. The parties' Joint Motion to Dismiss requests relief from this Court consistent with the terms of their Settlement Agreement, as well as an order dismissing this action with prejudice.

## LEGAL STANDARD

A party is entitled to summary judgment if it can demonstrate that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is warranted where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby,* 477 U.S. 242, 251 (1986). Only disputes over facts that might affect the outcome of the lawsuit will preclude entry of summary judgment; factual disputes that are irrelevant or unnecessary to the outcome are not considered. *Id.* at 248. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial, and summary judgment is appropriate. *Zetwick v. Cnty of Yolo,* 850

F.3d 436, 441 (9th Cir. 2017), quoting *Ricci v. DeStafano,* 557 U.S. 557, 586 (2009).

## DISCUSSION

### I.   Default Judgment.

Defendants Scoggins, Debra Shrader, Steven Shrader, Daytronics, LLC, Welcome, and all Unknown Defendants failed to appear in these proceedings after being served with Plaintiff's Verified Complaint and DOJ's Answer and Combined Counterclaim and Crossclaim and therefore are in default of these proceedings. Specifically, an Entry of Default was issued by the Clerk of Court against each of the following: Steven Shrader (Docs. 15 and 69); Debra Shrader (Docs. 16 and 70); Daytronics (Docs. 14 and 67); Kirk Allen Scoggins (Docs. 27 and 68); Michael Welcome (Docs. 42 and 71); and all unknown heirs or any unknown devisees of any deceased person (Doc. 43).

Pursuant to Rule 55(b)(2), Fed. R. Civ. P., in all cases other than where a plaintiff has made a claim for a sum certain, a party must apply to the District Court for default judgment. Whether to enter default judgment is a decision entrusted to the discretion of the district court. *PacificSource Health Plans v. Atl. Specialty Ins. Co.*, 2022 U.S. Dist. LEXIS 87749, at *2 (D. Mont. May 16, 2022). A district court considering whether default judgment is appropriate should consider the following factors: 1) the possibility of prejudice to the plaintiff; 2) the

merits of the claims; 3) the sufficiency of the complaint; 4) the amount of money at stake; 5) the possibility of factual disputes; 6) whether default is due to excusable neglect; and 7) the policy favoring decisions on the merits. *Id.* In considering these factors, the Court should accept the factual allegations in the Complaint as true. *Id.*

All of these factors weigh in favor of granting default judgment against the Defendants who failed to appear. The possibility of prejudice to Plaintiff in the absence of the granting of default judgment is apparent, as a failure to grant the requested relief would leave Travis and Milk River without a remedy. *Id.* Concerning the second and third *PacificSource* factors, Plaintiff's allegations in the Verified Complaint are meritorious, sufficiently plead and comply with pleading standards of Rule 8, Fed. R. Civ. P. *Id.*  The fourth element is not relevant to these proceedings, as Plaintiff is not seeking a money judgment in the quiet title count set forth in his Verified Complaint.

Regarding the fifth element, for the reasons discussed below, there is little to no possibility of a factual dispute regarding ownership of the Subject Property, and in fact no party filed a brief opposing the relief requested by Travis. Concerning the sixth *PacificSource* element, no party that has failed to appear has sought to intervene and plead excusable neglect, and there is no such evidence before this Court suggesting the same. Concerning the seventh element, the policy favoring a decision on the merits generally weighs against entering default judgment. *W. Sur.*

*Co. v. Outback Constr., Inc.*, 2023 U.S. Dist. LEXIS 15564, at *5 (D. Mont. Jan. 30, 2023). Yet, this preference is not dispositive. *Id.* Default judgment is appropriate in this matter because the non-appearing Defendants' failure to answer makes any other disposition impractical. *Id.*

Finally, Montana law requires that before title may be quieted in Milk River's name against the Defendants who failed to appear in this action, Travis must produce evidence sufficient to prima facie entitle him to the requested relief. Mont. Code Ann. § 70-28-108. The chain of title described below and as set forth in Plaintiff's Statement of Undisputed Facts filed in support of his motion (Doc. 100) presents prima facie evidence that Milk River is the sole owner in fee simple of the Subject Property. No other individual or entity possesses any claim of right to the same. Accordingly, default Judgment against the non-appearing parties is warranted.

II.     **Summary Judgment - Quiet Title Action.**

Quiet title actions are authorized under Montana law pursuant to Mont. Code Ann. § 70-28-101 for the purpose of determining a person's rights in claiming title to real property as against others' claims to that property. *Myers v. BAC Home Loans Servicing, LP*, 2013 U.S. Dist. LEXIS 170533, at *17 (D. Mont. Oct. 23, 2013). Specifically, an action may be brought under Montana law "and prosecuted to final decree, judgment, or order by any person or persons, whether in actual

possession or not, claiming title to real estate against any person or persons, both known and unknown, who claim or may claim any right, title, estate, or interest therein or lien or encumbrance thereon adverse to plaintiff's ownership or any cloud upon plaintiff's title thereto … and quieting the title to said real estate." If a plaintiff desires to obtain a complete adjudication of title to the real estate, it may, as Plaintiff has done in this case, name as defendants all known and unknown persons who may assert a claim to title to the property. Mont. Code Ann. § 70-28-104.

This quiet title action is unique in that the United States Department of Justice, and thus the United States government, has asserted a lien against all property owned by Defendant Kevin Moore in Valley County, Montana, which includes his membership interest in Milk River. (Doc 100, ¶ 13.) For this reason, Plaintiff was required by the title insurer to sue the United States as a defendant in this action. (*Id.,* ¶ 24.) Accordingly, this Court possesses jurisdiction to quiet title over the Subject Property. *See* 28 U.S.C. § 2410(a)(1) and 28 U.S.C. § 1444.

The undisputed facts presented to the Court by Travis conclusively establish that title to the Subject Property should be quieted in the name of Milk River Hunting Preserve, LLC. The deeds and other relevant documents attached to Travis' Statement of Undisputed Facts establish:

1. On or about October 25, 2001, Travis, Moore, William Mihram, and Otto Kruppa, dba Aspen Group LTD, entered into a Contract for Deed with James David Girtman and Mildred E. Girtman for the purchase of a significant portion of the Subject Property (Doc. 100, ¶ 2).

2. On or about September 3, 2003, William Mihram quitclaimed his interest in the Contract for Deed to Moore (*Id.,* ¶ 3).

3. On or about September 9, 2003, Otto Kroupa (sic) c/o Aspen Group quitclaimed his interest in the Contract for Deed to Moore (*Id.,* ¶ 4).

4. On October 8, 2003, Travis, Moore, and Scoggins filed Articles of Organization to establish Milk River Hunting Preserve, LLC, as a member managed limited liability company (*Id.,* ¶ 5).

5. Travis, Moore and Scoggins subsequently assigned their interests in the Contract for Deed to Milk River Hunting Preserve, LLC (*Id.,* ¶¶ 7-9).

6. Milk River satisfied its obligations under the Contract for Deed. Accordingly, a Warranty Deed for the lands subject to the Contract for Deed was recorded on March 18, 2004, as Document No. 124634 in the office of the Clerk and Recorder of Valley County. (*Id.,* ¶ 9).

7. On or about December 5, 2006, Milk River Hunting Preserve, LLC, acquired an additional 200 acres of land by way of a Warranty Deed from

Russell Gilbertson, as Grantor, recorded as Document No. 132582 in the office of the Clerk and Recorder of Valley County. (*Id.,* ¶ 9).

These undisputed facts prima facie entitle Travis to his requested relief, specifically that title to the Subject Property be quieted in the name of Milk River Hunting Preserve, LLC. Additionally, no party has objected to the requested relief, and the appearing parties have stipulated to an order quieting title to the Subject Property in the name of Milk River.

**ACCORDINGLY, IT IS HEREBY ORDERED** that for the reason that each failed to appear or defend Plaintiff's Verified Complaint and DOJ's Answer and Combined Counterclaim and Crossclaim, default judgment is hereby entered against Defendants Kirk Allen Scoggins, Steven Shrader d/b/a Daytronics, Debra Shrader d/b/a Daytronics, Daytronics, LLC, Michael Welcome and all Unknown Defendants, including unknown heirs or any unknown devisees of any deceased person, or any other person, unknown, who claim or may claim any right, title, estate or interest therein or lien or encumbrance thereon adverse to Plaintiff's title to the subject property, or any cloud upon Plaintiffs' title thereto, whether such claim or possible claim be present or contingent.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Partial Summary Judgment Quieting Title (Doc. 98) is GRANTED and title to the Subject Property is hereby quieted in the name of Milk River Hunting Preserve, LLC, as the full

legal and beneficial owner thereof. Any claim asserted by Moore, Scoggins, Welcome, Steven Shrader d/b/a Daytronics, Debra Shrader d/b/a Daytronics, Daytronics, LLC, the United States, the State of Montana, and all other persons, known or unknown, claiming or who might claim any right, title, estate or interest in or lien or encumbrance upon the real property described above adverse to Milk River Hunting Preserve, LLC's ownership, or any cloud upon title thereto, whether such claim or possible claim be present or contingent, is hereby extinguished.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Order Approving Liquidation of Real Property (Doc. 104) is GRANTED in part. Christopher Travis is hereby appointed and authorized to consummate the sale of the Subject Property to Sodie Properties, LLC, for the purchase price of $1,225,000.00, and thereafter distribute the proceeds therefrom pursuant to the terms of the Settlement Agreement entered into by the parties. Travis is also appointed and authorized to take any other action necessary to wind up the affairs of the LLC. The remainder of Plaintiff's motion is DENIED as moot.

**IT IS FURTHER ORDERED** that the United States' Motion for Summary Judgment (Doc. 129), Plaintiff's Motion to Strike Jury Demand (Doc. 160), and Moore's Motion to Dismiss for Lack of Standing and Federal Rule of Civil Procedure 12(B), (1), (2), (3), (6) (Doc. 176) are DENIED as moot.

**IT IS FURTHER ORDERED** that all claims, counterclaims and crossclaims asserted by any party to these proceedings are hereby DISMISSED WITH PREJUDICE.

DATED this <u>19th</u> day of <u>　　July　　　</u>, 2024.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Brian Morris, Chief District Judge
　　　　　　　　　　　　　　　　United State District Court